J-S34028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HOLLIS REYNOLDS 4TH | : | |
| | : | |
| Appellant | : | No. 339 MDA 2025 |

Appeal from the PCRA Order Entered February 11, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000056-2022

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:           **FILED: DECEMBER 8, 2025**

John Hollis Reynolds 4th ("Reynolds") appeals *pro se* from the dismissal, without a hearing, of his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  Because Reynolds's Rule 1925(b) statement does not comply with the Rules of Appellate Procedure and because his "brief" is equally non-compliant, we dismiss the appeal and deny as moot Reynolds's motions to specify, amend, and for a more definite statement.[2]

In July 2022, the trial court convicted Reynolds of driving under the influence ("DUI") of a controlled substance and related offenses. **See** PCRA Court Opinion, 4/25/25, at 1 and 6.  The trial court subsequently sentenced

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] We note with disapproval the Commonwealth declined to file a brief in this matter.  **See** Letter, 6/20/25, at 1-2 (unnumbered).

Reynolds to time-served to six months in prison. *See id*. at 6. Reynolds filed a timely direct appeal, and this Court affirmed the judgment of sentence. *See Commonwealth v. Reynolds*, 315 A.3d 83 (Pa. Super. 2024) (unpublished memorandum). The Pennsylvania Supreme Court administratively closed Reynolds's case.

Reynolds filed a timely, *pro se* PCRA petition. *See* PCRA Court Opinion, 4/25/25, at 8. The PCRA court appointed counsel ("Counsel") who filed an amended PCRA petition; without leave of court, Reynolds then filed a second amended PCRA petition alleging Counsel's ineffectiveness. *See id*. at 8-9. Ultimately, the PCRA court issued a notice of intent pursuant to Pa.R.Crim.P. 907 to dismiss the PCRA petition without a hearing, and Counsel sought leave to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See id*. at 9. The PCRA court granted Counsel's motion to withdraw and dismissed Reynolds's PCRA petition. *See id*. at 9-10. Reynolds filed the instant, timely appeal. The PCRA court ordered Reynolds to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See id*. at 10. Reynolds filed a thirty-page, single-spaced document, which the court deemed to be a Rule 1925(b) statement. *See id*.; *see also* Application for Leave to Appeal, 4/8/25, at 1-30. The PCRA court issued an opinion calling the document "long" and "rambling" but nonetheless attempted to address Reynolds's issues, finding them repetitive and largely waived either

because they were previously litigated and/or because they should have been raised on direct appeal and were not. PCRA Court Opinion, 4/25/25, at 10; *see also id*. at 11-16.

Reynolds appeals from the dismissal of his PCRA petition. Our standard of review of the PCRA court's ruling is long settled.

> [Our review] is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted).

To be eligible for relief pursuant to the PCRA, an appellant must establish his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must demonstrate that, at the time relief is to be granted he is, "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i).[3] He must also establish the issues raised in the PCRA petition

---

[3] We are unable to determine whether Reynolds is currently serving a "sentence . . . for the crime." The record reflects that he was serving a sentence in Maryland and was extradited to Pennsylvania for trial. As noted above, the trial court sentenced him in February 2023, to a term of time-served to six months in prison, various fees and fines, and gave him credit for time served. The record does not reflect whether Reynolds completed his

*(Footnote Continued Next Page)*

have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Prior to reaching the merits of Reynolds's claims, we must determine whether Reynolds preserved any issues for our review. **See Commonwealth v. Wholaver**, 903 A.2d 1178, 1184 (Pa. 2006) (holding appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal). Although we may liberally construe *pro se* filings, "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel. . . ." **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).

This Court has stated "Rule 1925 is intended to aid [] judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." **Commonwealth v. Smith**, 304 A.3d 35, 39 (Pa. Super. 2023) (citation and internal quotation marks omitted). Therefore, Rule 1925 requires, in pertinent part, the appellant "concisely identify each error that the appellant intends to

_____

Maryland sentence and/or whether this sentence was to be served concurrently or consecutively to his Maryland sentence. Reynolds has been incarcerated in Maryland since he filed his PCRA petition. Neither the PCRA court nor the parties ever addressed whether Reynolds was still serving or had completed, his Pennsylvania sentence. It is therefore not clear Reynolds meets the jurisdictional requirements for seeking PCRA relief.

assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). While raising many errors is not dispositive of non-compliance, the issues nonetheless must be "non-redundant, non-frivolous[, and] set forth in an appropriately concise manner" to preserve the issues for appeal. *Id*.

Where an appellant refuses to comply with the letter and spirit of Rule 1925, overwhelming the trial court and subverting our ability to conduct meaningful review, the appellant waives all issues on appeal. *See*, *e.g*., *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1041-43 (Pa. Super. 2018) (dismissing appeal where the case was not "complex" and appellant chose to overwhelm the trial court by filing a voluminous Rule 1925(b) statement involving a "preposterous number of issues"); *Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (finding that by raising more than one hundred issues, the appellants "deliberately circumvent[ing] the meaning and purpose of Rule 1925(b)" and as a result precluded appellate review).

While the PCRA court attempted to address what it perceived to be Reynolds's issues, it noted the difficulty in discerning them in what is a disjointed narrative. *See* PCRA Court Opinion, 5/25/25, at 9 and 11.

Having reviewed the document in question, we find it is completely non-compliant with our Rules of Appellate Procedure. Reynolds's 1925(b) statement consists of scurrilous accusations against the trial court, and

everyone involved in the underlying prosecution, and a lengthy account of the underlying events, intermingled with assertions that his constitutional rights were violated. *See* Reynolds's Application for Leave to Appeal, 4/8/25, at 1-30. It is virtually impossible to determine from Reynolds's prolix, jumbled statement, which appears to attack every action taken in the underlying criminal case, what claims he seeks to raise for purposes of PCRA relief. *See id*. In sum, Reynolds's *30-page* 1925(b) statement is neither concise nor compliant with Pa.R.A.P. 1925(b)(4). Thus, we conclude Reynolds waived all issues on appeal. *See Vurimindi*, 200 A.3d at 1043.

Even if Reynolds had not waived his claims because of his incomprehensible 1925(b) statement, we would still find waiver because of his comprehensive failure to comply with the Pennsylvania Rules of Appellate Procedure. We have long held that where an appellant fails to comply with the briefing requirements of the Rules of Appellate Procedure and unduly hampers our ability to conduct meaningful review, we may decline to conduct review and instead dismiss the appeal. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be . . . dismissed"); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (noting this Court may quash or dismiss an appeal if there are substantial defects in the appellate brief).

Reynolds's twenty-page "brief" entitled "Appellant's Response to Adams County's 4/25/25 Opinion" is not a brief and fails to comply with any of the

Rules of Appellate Procedure. With the arguable exception of a statement of the case, Reynolds's brief does not comply in any way with Pa.R.A.P. 2111. Critically, to the extent that Reynolds's filing includes any argument at all, it does not cite to any legal authority.

We have explained:

> The Rules of Appellate Procedure state unequivocally that **each question an appellant raises is to be supported by discussion and analysis of pertinent authority**. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted; emphasis added).

Reynolds presents the facts in a light most favorable to himself — rather than the Commonwealth, the verdict winner — and attempts to retry the case and/or impugn the trial judge, the police, the district attorney, and every attorney who represented him in this matter. His filing is largely unintelligible. Reynolds has failed to develop meaningful legal argument for review. Thus, Reynolds waived all issues on appeal for these reasons as well.[4] *See Coulter*, 94 A.3d at 1088-89.

---

[4] To the extent that we can discern Reynolds's issues on appeal, we agree with the PCRA court that all of them were either previously litigated or should have been raised on direct appeal. *See* 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b).

Accordingly, for the reasons discussed above, we are constrained to dismiss Reynolds's appeal and deny all outstanding motions as moot.

Motions denied. Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/8/2025